United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX CHIU,<br><br>    Defendant.<br>_____ / | No. C 09-01150 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT** |

Defendant's motion to dismiss the indictment came on for hearing on April 9, 2010. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES the motion.

**BACKGROUND**

Defendant Alex Chiu is charged with ten counts of mail fraud, in violation of 18 U.S.C. § 1341, for allegedly engaging in a scheme to defraud consumers by offering a false return policy in connection with "immortality devices" sold through defendant's website, http://www.alexchiu.com. The indictment alleges that defendant defrauded individuals who purchased his products by

> offering items for sale on his web site and elsewhere, providing a "money back guarantee" regarding those items, accepting payment for those items, and then refusing to provide all of the refunds that he had promised for returned merchandise.

Indictment ¶ 5. The indictment identifies ten specific mailings that occurred during the alleged scheme. These mailings range in date from April 2005 to February 2008 and are of three types: shipments of merchandise, payments for merchandise, and returns of merchandise. *Id.* ¶ 10. The indictment identifies the customer associated with each transaction by his or her initials, and the full names used

to make the purchases were provided to defendant upon his request. *Id.*; *see also* Gov. Ex. 2. Presently before the Court is defendant's motion to dismiss the indictment.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(c), an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." A defendant may move to dismiss the indictment for failure to state an offense under Federal Rule of Criminal Procedure 12(b). In ruling on such a motion, "the district court is bound by the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). An indictment is sufficient to withstand a defendant's motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted).

## DISCUSSION

Defendant's primary theory in favor of dismissing the indictment is that there is a factual dispute as to "whether refunds were made as promised." Mot. to Dismiss at 2.[1] In support of this theory, defendant offers an unsworn declaration in which he states that he has "had a consistent return policy throughout [his] time in business and believe[s] the Court will see this when presented with all the facts," as well as a number of exhibits showing his product advertising and his payment account activity. *See* Chiu Decl. at 1:21-22; ex. A-M. As defendant acknowledges, however, binding case law holds that "[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence"

---

[1] Defendant's motion to dismiss also contains argument directed at the theory that "the fraudulent activity consisted of selling items which did not confer immortality nor eternal life on the purchaser." Mot. to Dismiss at 2. However, the indictment does not allege such a theory, and the government does not address this argument in its opposition. The Court will therefore confine its discussion to the theory of fraud contained in the indictment.

and that courts "should not consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted). The evidence defendant attempts to submit is not appropriate for consideration at this time.

Defendant attempts to circumvent this rule by arguing that "Rule 12(b) permits factual hearings prior to trial if necessary to resolve issues of fact peculiar to the motion." Mot. to Dismiss at 3 (citing *United States v. Covington*, 395 U.S. 60 (1969)). By the very terms of Rule 12, however, the pre-trial hearing defendant seeks is available only with respect to "any defense, objection, or request that the court can determine *without a trial of the general issue*." Fed. R. Crim. P. 12(b)(2) (emphasis added). Where, as here, the dispute raised pertains to the very heart of the charges against the defendant, it must be submitted to the jury. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) ("[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense"); *id.* at 670 (Rule 12 prohibits pretrial challenges to "general issues of guilt or innocence" in order to "ensure that the respective provinces of the judge and jury are respected, and that the facts are fully developed before disposition of the case") (citations omitted). Defendant's motion to dismiss the indictment due to factual disputes regarding the return policy, and his request for an evidentiary hearing on that issue, are therefore DENIED.

Defendant argues next that the indictment should be dismissed because "an indictment's complete failure to recite an essential element of the charged offense is a fatal flaw requiring dismissal." Mot. to Dismiss at 3 (citing *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999)). Beyond this conclusory sentence, however, defendant offers no explanation of which element of the statute is supposedly missing from the indictment. Instead, defendant follows up his assertion by simply repeating that he "had a consistent refund policy and conducted an honest business for years." *Id.* As stated above, the factual dispute defendant attempts to raise must be resolved at trial. Because defendant cannot point to any element of the mail fraud statute that is missing from the indictment, or to any other legal defect in the indictment, defendant's motion to dismiss on this ground must be DENIED as well.

**United States District Court**
For the Northern District of California

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the indictment is hereby DENIED. (Docket No. 21).

**IT IS SO ORDERED.**

Dated: April 9, 2010

SUSAN ILLSTON
United States District Judge